**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CARLOS PARADA-MARCIA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2063-G** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Carlos Parada-Marcia, a noncitizen,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Charles B. Goodwin referred the case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and (C). Doc. 3. Respondents filed a response to the petition, Doc. 8, and Petitioner replied, Doc. 9. So the matter is at issue.

For the reasons below, the undersigned recommends the Court deny Petitioner's habeas petition.

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I. Factual background and Petitioner's claims.

Petitioner is a citizen of Honduras who entered the United States without admission or inspection in 1998 and was later granted Temporary Protected Status. Doc. 1, at 5. He has committed three alcohol-related driving offenses while in the United States in 2011, 2018, and 2021. *Id.*

Immigration and Customs Enforcement took him into custody on February 25, 2025. *Id.* On March 19, 2025, an Immigration Judge (IJ) determined that Petitioner posed a danger to the community during a custody redetermination hearing and denied his request for a change in custody status. *Id.* & Ex. 1. Petitioner requested and received a second hearing on January 5, 2026, where an IJ denied relief because "Respondent has not met his burden to demonstrate that he is not a danger to the community." *Id.* at 6 & Ex. 2.[3] On May 11, 2026, an IJ ordered Petitioner removed, and his appeal of that decision remains pending. Doc. 1, at 6.

He argues that he has been deprived of due process because the Government did not bear the burden to show danger and risk of flight at the redetermination hearings. *Id.* at 7-9. He requests another hearing where the

---

[3] Petitioner does not state whether he appealed these decisions to the Board of Immigration Appeals (BIA). *See* 8 C.F.R. § 1003.19(f) (allowing bond appeal to the BIA).

Government bears the burden of proving his "present dangerousness or risk of flight." *Id*. at 9-10. Respondents ask the court to dismiss the petition and deny Petitioner's claims because he received two constitutionally adequate bond hearings. Doc. 8, at 1-3.

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III. The Court cannot encroach upon an IJ's discretionary weighing of the evidence.

In determining whether a noncitizen is a flight risk, the IJ may consider the following factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4)

> the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006).

When a noncitizen like Petitioner is detained under 8 U.S.C. § 1226(a) "the Attorney General may exercise his discretion to either detain or release an alien on bond or conditional parole." *Mwangi v. Terry*, 465 F. App'x 784, 786 (10th Cir. 2012). "But the Attorney General's exercise of discretion is not subject to judicial review." *Id.* "In the context of an immigration bond hearing, district courts have jurisdiction to review [an IJ's] discretionary bond denial only 'where that bond denial is challenged as legally erroneous or unconstitutional.'" *Diaz-Calderon v. Barr*, 535 F. Supp. 3d 669, 675 (E.D. Mich. 2020) (quoting *Lopez Reyes v. Bonnar,* 362 F. Supp. 3d 762 (N.D. Cal. 2019)). "To be sure, '[d]ue process is not satisfied by rubberstamp denials [of bond].'" *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026) (quoting *Chi Thon Ngo v. I.N.S.,* 192 F.3d 390, 398 (3d Cir. 1999)). But "a district court sitting in habeas . . . review[ing] due process challenges to immigration bond hearings must proceed carefully, as it 'has no authority to encroach upon an IJ's discretionary weighing of the evidence.'"

*Diaz-Calderon,* 535 F. Supp. 3d at 675 (quoting *Arrellano v. Sessions,* No. 18-cv-6625, 2019 WL 3387210, at *7 (W.D.N.Y. 2019)); *see* 8 U.S.C. § 1226(e).

Respondents provided Petitioner with two custody redetermination hearings.[4] Both IJs found Petitioner to pose an unmanageable danger to the community if released. Doc. 1, Exs. 1-2. Although these findings may appear rote and minimal they were made "[a]fter full consideration of the evidence presented." *Id.* The Court should therefore conclude the hearings comported with due process. *See, e.g.*, *In re Guerra*, 24 I. & N. Dec. at 40 ("An Immigration Judge has broad discretion in deciding the factors that he or she may consider in custody redeterminations. The Immigration Judge may choose to give greater weight to one factor over others, as long as the decision is reasonable."). Given the two IJs' findings that Petitioner posed a danger to the community, the undersigned recommends the Court deny Petitioner's request for habeas corpus relief because Respondents have not deprived him of an individualized custody determination.[5]

---

[4] Petitioner may request another bond hearing upon a showing of changed circumstances. *See* 8 C.F.R. § 1003.19(e).

[5] Petitioner argues his bond hearings were constitutionally inadequate because he bore the burden of proof. Doc. 9, at 1. Respondents dispute this claim arguing that "due process does not require the burden to shift to the government at such hearings." Doc. 8, at 2. Respondents' argument corresponds with the holdings of this Court. *See, e.g.*, *Pupo Socarras v.*

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Petitioner habeas corpus relief because he was not deprived of an individualized custody determination.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 27, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

---

*Figueroa*, No. CIV-26-571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026) ("[T]he Fifth Amendment Due Process clause is not offended by leaving the burden of proof on the non-citizen in a § 1226(a) bond hearing."); *Gomez Toro v. Mullin*, No. CIV-26-315-JD, Doc. 19, at 18 & n.7 (W.D. Okla. May 15, 2026) (concluding "that placing the danger and flight risk burdens of proof on the alien does not offend the Fifth Amendment's Due Process Clause"). So the Court should decline Petitioner's burden of proof argument.

**ENTERED** this 13th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE